Carrie FLY and Wayne Fly, Appellants,

v.

Tom CELLA, MBA Realty Co., Housing & Urban Development Agency and St. Louis Housing Authority, Appellees.

No. 83–1436.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1984.

Decided March 14, 1984.

Request For Clarification Denied April 2, 1984.

Henry W. Cummings, St. Charles, Mo., for appellants.

Richard S. Bender, Rosenblum, Goldenhersh, Silverstein & Zafft, P.C., Clayton, Mo., for appellees.

Before ROSS and ARNOLD, Circuit Judges, and HARRIS, District Judge.*

PER CURIAM.

In January of 1983, Carrie Fly, one of the appellants in this action, was accepted as a tenant at the Washington Apartments in St. Louis. Ms. Fly is disabled and HUD paid the entire rent on the apartment. Ms. Fly was separated from her husband at the time she applied for the apartment. Wayne and Carrie Fly subsequently reconciled and began to occupy the apartment together.

The appellee, Tom Cella, in his capacity as manager of the Washington Apartments, brought an unlawful detainer action in state court. The action was premised in part on an alleged violation of the lease which stipulated that Carrie Fly was to be the sole occupant of the apartment. The Flys filed suit in federal court on the theory such an eviction would violate various federal statutes and regulations. They requested the court to enjoin the state action, award compensatory damages, and allow reasonable attorney fees.

The appellees voluntarily dismissed the unlawful detainer action, and on March 31, 1983, the trial court dismissed the appellants' suit on the theory that it was moot. The appellees subsequently filed a second unlawful detainer action and the appellants consented to leave the apartment.

After reviewing the record we must conclude that the question of whether an injunction should issue was moot because at the time the notice of appeal was filed no state action was pending. The question of the alleged damages was not, however, mooted by the voluntary dismissal of the state action and the motion to dismiss these causes of action was erroneously granted. The judgment is therefore reversed with directions that the district court permit the appellants to pursue their action for their alleged damages.